IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DUKE THOMAS NGUYEN, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. H-11-1077 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Duke Thomas Nguyen, a state inmate at the time of filing and proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging his conviction and forty-year sentence for making a false statement to obtain credit. Respondent filed a motion to dismiss based on expiration of limitations (Docket Entry No. 25), to which petitioner filed a response (Docket Entry No. 26).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** the motion to dismiss and **DISMISSES** this action as barred by limitations.

**I. PROCEDURAL BACKGROUND AND CLAIMS**

Petitioner pleaded guilty to the felony offense of making a false statement to obtain credit, as enhanced with two convictions. Petitioner elected to have the court determine punishment and a PSR was ordered prepared. At the subsequent punishment hearing, the Court heard evidence and testimony and sentenced petitioner to forty-years imprisonment.

The Fourteenth Court of Appeals affirmed petitioner's conviction on March 1, 2007. *Nguyen v. State*, 222 S.W.3d 537 (Tex. App.– Houston [14th Dist.] 2007, pet. ref'd). The Texas Court of Criminal Appeals refused petitioner's petition for discretionary review ("PDR") on October 10, 2007.

Petitioner filed his first application for state habeas relief on December 14, 2009; the Texas Court of Criminal Appeals denied the application on August 11, 2010. *Ex parte Nguyen*, WR-74,063-01, at cover. Petitioner's second application for state habeas relief, filed on September 13, 2010, was dismissed as successive on January 26, 2011.

Petitioner filed the instant federal habeas petition on March 23, 2011,[1] raising the following claims:

1. His guilty plea was involuntary due to ineffective assistance of counsel.

2. He was not given a copy of his presentence investigation report ("PSR") during sentencing.

3. Trial counsel was ineffective in not adequately preparing for sentencing and failing to call law enforcement officers to testify on his behalf.

4. The State unlawfully compelled his spouse to testify against him at punishment.

---

[1] Ordinarily, a federal petition is considered filed on the date it was delivered to prison authorities for mailing. *See Windland v. Quarterman*, 578 F.3d 314, 318 (5th Cir. 2009); *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998). Here, petitioner declared "under penalty of perjury" that he placed his petition in the prison mail system on March 24, 2011. However, this Court received and date-stamped the petition on March 23, 2011, one day earlier than petitioner stated he mailed it. Accordingly, the Court will use the earlier date of March 23, 2011, as the controlling date for purposes of limitations.

Respondent argues that petitioner's claims are barred by limitations and should be dismissed. Petitioner contends that he is entitled to equitable tolling.

## II. ANALYSIS

A.  <u>Expiration of Limitations</u>

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)–(2).

Petitioner's conviction was affirmed on March 1, 2007, and his PDR was refused on October 10, 2007. Consequently, under 28 U.S.C. § 2244(d)(1)(A), petitioner's conviction became final for purposes of limitations on January 8, 2008, when the time expired for filing a petition for writ of certiorari in the United States Supreme Court. *See* SUP. CT. R. 13.1.6. As a result, the one-year limitation period for filing a federal petition began January 8, 2008, and expired on year later on January 8, 2009, unless petitioner had a properly filed application for state habeas relief on file to toll the running of the limitations period. 28 U.S.C. § 2244(d)(2); *see Artuz v. Bennett*, 531 U.S. 4 (2000).

Petitioner did not file his first application for state habeas relief challenging this conviction until December 14, 2009, nearly one year after limitations expired. *Ex parte Nguyen*, WR-74,063-01. Because his state habeas application was filed after expiration of the one-year deadline, the application did not toll the federal filing deadline. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application filed after expiration of limitations did not toll the limitations period). No grounds are alleged or shown for application of sections 2244(d)(B), (C), or (D). Accordingly, this petition is subject to dismissal absent petitioner's meeting his burden to show grounds for equitable tolling.

B.   Equitable tolling

The Supreme Court recognizes that the one-year statute of limitations is not jurisdictional and may be equitably tolled. *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549,

2561 (2010). A habeas petitioner is entitled to equitable tolling only if he shows that he had been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 2562. Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate. *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010).

In the instant petition, petitioner alleges that he is entitled to equitable tolling because (1) his attorney did not notify him of the October 10, 2007, denial of his PDR and he was unaware it had been denied until April 8, 2011; and (2) he was hospitalized for six months in 2008 and was without access to writing or legal materials. As shown below, these assertions do not entitle petitioner to equitable tolling.

In his More Definite Statement filed with this Court, petitioner stated under penalty of perjury that he first became aware that his PDR had been denied when this Court informed him of that fact on April 8, 2011; specifically, petitioner stated that, "This is the only time that Petitioner was made aware that Petitioner['s] PDR was denied." (Docket Entry No. 8, p. 3.) Later in the same pleading, petitioner further stated, "After many attempts to find out the status of my PDR, Petitioner did not have knowledge that Petitioner['s] PDR was denied. Petitioner then filed [a] state habeas application." *Id.*, p. 5. Petitioner additionally stated in the document that, "Petitioner was never made aware that Petitioner's PDR was or has been denied. The only time was when Petitioner was informed by this Court on 4-8-2011." *Id.*

5

Petitioner's factual allegation – that he was unaware until April 8, 2011, that his PDR had been denied – is patently false. In his *pro se* application for state habeas relief filed on December 12, 2009, petitioner informed the state habeas court that his PDR had been denied. *Ex parte Nguyen*, p. 4. Specifically, petitioner informed the habeas court that his PDR had been "Denied – White Carded," referring to the white postcard notices sent to parties and counsel notifying them of court rulings. By petitioner's own admission in his state habeas application, he was aware *no later* than December 12, 2009, that his PDR had been denied. Further, by petitioner's own admission, he had been notified by postcard *prior* to December 12, 2009, that his PDR had been denied.

Moreover, respondent has submitted business records of petitioner's mail logs at his prison unit from October 10, 2007, to December 31, 2007. (Docket Entry No. 25, Exhibit A.) These mail log records reveal that petitioner received correspondence from the Harris County District Clerk on October 23, 2007, and a certified letter from his appellate attorney on October 25, 2007. *Id.*, pp. 1–2. As to the latter correspondence from his attorney, the business records show that petitioner signed for his receipt of the letter on October 26, 2007. *Id.* Respondent reasonably argues that, given the time frame, the letters most likely were notifying petitioner that his PDR had been denied on October 10, 2007. Petitioner does not dispute the purported content of the letters, particularly as to the correspondence from the district clerk's office on October 23, 2007; rather, he simply denies that the signature for the certified letter from his attorney is his. (Docket Entry No. 26, p. 5.) His denial, however,

6

would not address the purported content of the October 23, 2007, letter from the district clerk's office. Nor does petitioner address the fact that the mail logs reflect he received additional letters from his attorney on November 2, 2007, and a letter from a different Houston attorney on November 16, 2007. These letters refute petitioner's allegations that he heard nothing further from his lawyer after the PDR was filed or, in hindsight, after the PDR was denied.

In short, the record before this Court clearly shows that petitioner was aware no later than December 12, 2009, that his PDR had been denied, and that his assertions to the contrary made under penalty of perjury are false. The record further shows that, contrary to his assertions, he received three, if not four, letters from both the district clerk, his appellate attorney, and another attorney within two, three, and five weeks after his PDR was denied. Most importantly, however, is petitioner's failure to disclose truthfully the actual date he became aware that his PDR had been denied; absent this key information, he fails to show that some "extraordinary circumstance stood in his way and prevented timely filing." *Mathis*, 616 F.3d at 474–75.

Petitioner fares no better in seeking equitable tolling based on a 2008 hospital stay or other general circumstances that arose at non-specific times throughout the course of events. According to documents attached to his response, petitioner was diagnosed with post-traumatic stress syndrome at some point during 2005 or 2006, and was provided treatment while in prison in early 2006. He additionally attaches documents showing treatment for

asthma and for broken ribs sustained in a prison fight in June and July of 2011. None of these documents is relevant to the issue of equitable tolling or evinces extraordinary circumstances that prevented petitioner's timely filing. Although petitioner contends that, at various unspecified times, he was denied access to writing materials or a law library due to his hospitalization or medical treatment, he provides neither relevant dates for these time frames nor does he show that these events in any way prevented his timely filing. To the contrary, petitioner's outgoing mail logs during 2008 (petitioner's critical time period for filing a timely state habeas application) show that petitioner mailed out seven legal letters to his attorneys, the courts, or other law-related entities during March 2008; four such letters during April 2008 and another four during May 2008; three during June 2008; two during July 2008; two during October 2008; and one in December 2008. (Docket Entry No. 25, Exhibits B–E.)

Although petitioner also asserts in general terms that he lacked access to a law library at certain points, he fails to specify the relevant time frames. Nor does petitioner demonstrate how lack of "advance sheets" in all prison law libraries or books missing from library shelves in four of the prison law libraries he used entitles him to equitable tolling. (Docket Entry No. 26, p. 7.) Further, his complaint that his property, including some of his legal materials, was missing following a two-week hospital stay in March 2009, covers events occurring after limitations had already expired on January 8, 2009. (Docket Entry No. 8, p. 13.) Petitioner

again fails to show that some "extraordinary circumstance stood in his way and prevented timely filing." *Mathis*, 616 F.3d at 474–75.

Although petitioner discusses at length the prison system's failure to honor a promise to move him closer to Houston and the alleged errors, inaccuracies, misrepresentations and unfairness attendant to his underlying criminal prosecution, these issues play no part in the Court's determination of limitations and equitable tolling.

Having carefully reviewed the pleadings, the record, the exhibits submitted by the parties, matters of public record, and the applicable law, the Court finds that petitioner's claims are barred by the one-year statute of limitations.

### III. CONCLUSION

Respondent's motion to dismiss (Docket Entry No. 25) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE** as barred by limitations. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

Signed at Houston, Texas, on this the 25th day of June, 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE